UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES D. DUES,

    *Plaintiff*,

v.

CAPITAL ONE, NA,

    *Defendant*.
_____/

CASE NO. 11-CV-11808

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS**
(Doc. 5)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion to dismiss be **GRANTED** and the case dismissed in its entirety.

## II.    REPORT

### A.    Introduction and Factual Background

On April 25, 2011, Plaintiff filed this two-count action for damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, and the Michigan Collection Practices Act ("MCPA"), Mich. Comp. Laws § 445.252.[1]

In Count I, Plaintiff alleges the following violations of the FDCPA: (1) that Defendant used false representations and deceptive means in pursuing Plaintiff for a debt he did not owe (§ 1692e(10)); (2) that Defendant distributed a written communication which simulates or falsely

---

[1] The introductory language in the complaint references the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*; however, the Court assumes this reference is in error since that statute is not mentioned elsewhere in the complaint.

represents to be a document authorized by an agency of the United States, or which creates a false impression as to its authorization in the form of the IRS 1099-C form (§ 1692e(9)); (3) that Defendant falsely represented the amount or legal status of any debt owed by Plaintiff when he did not owe the debt (§ 1692e(2)(A)); (4) that Defendant attempted to collect any amount that is not expressly authorized by an agreement permitting the debt or permitted by law after Plaintiff sent a letter showing that he did not owe the debt (§ 1692f(1)); and (5) that Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse any person in connection with the collection of a debt where, as here, Plaintiff does not owe the debt (§ 1692d(2)(A)). Plaintiff further avers in Count II that Defendant's actions also violated the MCPA.

On April 27, 2011, United States District Judge Thomas L. Ludington referred the case for general pretrial case management to the undersigned magistrate judge. (Doc. 3.) Defendant filed the instant motion to dismiss on May 16, 2011. (Doc. 5.) Plaintiff filed his response on June 3, 2011 (Doc. 8), and Defendant filed a reply on June 15, 2011. (Doc. 9.) Oral argument was held on July 21, 2011. Therefore, the motion is ready for Report and Recommendation.

According to Plaintiff's Complaint, Plaintiff was the victim of identity theft in the year 2000. (Doc. 1 at 4.) One of the actions taken by the identity thief was to seek and receive a credit card from Hibernia Bank in Plaintiff's name and to default on that debt in the amount of $12,446.16. (Doc. 1 at 4, Ex. 1.) Sometime after these events, Defendant merged with and assumed control over Hibernia Bank. (Doc. 1 at 4, Ex. 2.) Plaintiff further avers that Defendant is a "'creditor, who is collecting a debt that was in default at the time it was obtained by Defendant.'" (Doc. 1 at 2.)

Around February 2011, Plaintiff received a 1099-C form from Defendant with boxes checked indicating that Plaintiff was "personally liable" for the $12,446.16 debt and that it was

2

"cancelled." (Doc. 1 at 4, Ex. 3.) Plaintiff explained the situation to Defendant, made several calls, and eventually filed a complaint form to convince Defendant that the debt was not actually his. (Doc. 1 at 4, Ex. 4, 5.) Defendant then "agreed to remove the debt out of Plaintiff's name and send a new 1099C form to the IRS advising them that Plaintiff did not owe the debt or received income in the form of a waiver as stated in the original 1099C . . . [h]owever, when Plaintiff received the new 1099C sent to the IRS it still stated that 'the borrower is personally liable for the repayment of the debt.'" (Doc. 1 at 5, Ex. 3, 6.)

Plaintiff's alleged damages are that he "fears the resurrection of this debt again and the same anxieties brought about when this debt was placed in his name ten years ago." (Doc. 1 at 5.) Plaintiff states that he "has been assured by Hibernia that the debt was eliminated from his name and now Capital One is refusing to eliminate the debt from his name." (*Id.*) Plaintiff also avers that he is "suffering hardship and has had his good name and reputation ruined with the IRS believing he owes a debt and possible taxes." (Doc. 1 at 6.) At oral argument, the parties noted that there has been no effort by the IRS to collect any taxes based on these 1099-C forms.

  **B.** **Motion Standards**

Defendant brings the instant motion under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Motions to dismiss for lack of jurisdiction are properly brought under Rule 12(b)(1). "Motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) fall into two categories: facial and factual attacks." *Ashley v. U.S.*, 37 F. Supp. 2d 1027, 1029 (W.D. Tenn. 1997) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). "A facial attack challenges the sufficiency of the complaint itself." *Id.* "A factual attack, on the other hand, challenges the factual existence of subject matter jurisdiction." *Id.* Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving

jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). In the instant case, Defendant's challenge based on the statute of limitations is a facial challenge.

When deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). In addition, if the allegations in the complaint suffice to establish that an affirmative defense bars the case, it should be dismissed. *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries-*

4

*Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new" did not convert motion to dismiss into motion for summary judgment).

### C. Analysis and Conclusions

### 1. Fair Collection Practices Act

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The Act defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). Consumer "means any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

A debt collector "means any person who uses any instrumentality of interstate commerce in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Expressly excepted from the definition of debt collector is "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person . . . ." 15 U.S.C. § 1692a(6)(F)(iii). It is well settled that a "creditor is not a debt collector for the purposes of FDCPA and creditors are not subject to the FDCPA when collecting their accounts" because they are not collecting a debt owed or due another. *MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 735 (6th Cir. 2007); 15 U.S.C. § 1692a(6).[2]

---

[2] Although some argument at the hearing appeared targeted at the *bona fide* defense provided in § 1692k(c), since the motion tests only the legal sufficiency of the complaint, this argument is premature and will not be considered at this juncture.

### a. Debt Collector

Plaintiff avers that Defendant is a "'creditor, who is collecting a debt that was in default at the time it was obtained by Defendant,'" (Doc. 1 at 2), and thus is not entitled to the exemption provided under 15 U.S.C. § 1692a(6)(F)(iii). Defendant contends that it is entitled to the exemption and is not a debt collector because, "[u]nlike debt collectors who buy debt for the purpose of engaging in the business of debt collections, corporations which acquire the obligations and assets of another by merger are not converted into debt collectors under the FDCPA." (Doc. 5 at 7.) Plaintiff bears the burden of establishing that Defendant is a debt collector. *Golliday v. Chase Home Finance, LLC*, 761 F. Supp. 2d 629, 635 (W.D. Mich. 2011).

As indicated above, debt collector does not include a person attempting to collect a debt due another if the "debt [] was not in default at the time it was obtained by such person . . . ." 15 U.S.C. § 1692a(6)(F). Therefore, purchasers and servicers of a debt are exempted from the FDCPA if the debt is obtained when the debt was not in default. *Gathing v. MERS*, No. 1:09-CV-07, 2010 WL 889945, at *12 (W.D. Mich. Mar. 10, 2010). This provision is based on the premise that "[a]n entity that acquires a current, non-defaulted debt in order simply to continue servicing it 'is acting much like the original creditor that created the debt. On the other hand, if it simply acquires the debt for collection, it is acting more like a debt collector.'" *Sullivan v. Ocwen Loan Servicing, LLC*, No. 08-cv-02079, 2009 WL 103681, at *2 (D. Colo. Jan. 14, 2009) (citations omitted) (holding that where the defendant obtained a non-defaulted debt under the mistaken belief that the debt was in default, and where the defendant's subsequent collection activities were based on that mistaken belief, the defendant was a debt collector for purposes of the FDCPA).

Plaintiff's complaint avers that by the time Defendant merged with and took control over Hibernia Bank, the identity thief had defaulted on the debt. (Doc. 1 at 4, Exs. 1, 2.) Therefore,

Plaintiff has sufficiently alleged that Defendant is a "debt collector" for purposes of the FDCPA *unless* Defendant is correct when it argues that because the alleged debt was obtained via corporate merger, rather than direct purchase or assignment, it did not obtain a debt that was in default as contemplated by the FDCPA.

Although the statute does not define "obtained," at least one circuit court has held that when a defendant company acquires a debt though its merger with a previous creditor of the plaintiff rather than via a specific assignment, the debt was not "obtained" while it was in default; thus, the defendant company was not a debt collector under the FDCPA. *Brown v. Morris*, 243 Fed. App'x 31, 34 (5th Cir. 2007) ("ABN AMRO, a mortgage company, was not specifically assigned Brown's mortgage for debt-collection purposes. Rather, ABN AMRO acquired it through its merger with Brown's previous mortgage company. Accordingly, ABN AMRO did not 'obtain' her mortgage while it was in default" and ABN AMRO was therefore "not an FDCPA debt collector").

I suggest that the Fifth Circuit's analysis is supported by the rationale behind the exemption and the law regarding mergers and thus should be followed. Like the entity "that acquires a current, non-defaulted debt in order simply to continue servicing it" is "'acting much like the original creditor that created the debt," Defendant, via the merger, acquired all the assets and debts of the bank and is thus "much like" the original creditor, Hibernia Bank. *Sullivan, supra.* After a merger, the resulting entity is the "receiving association," which "shall be deemed to be the same corporation as each bank or banking association participating in the merger." 12 U.S.C. § 215a(e). Consequently, after a merger with a creditor bank, the surviving corporation is not only "much like" the original creditor, it *is* the original creditor. Consequently, if Defendant were attempting to collect a debt originally owed to Hibernia Bank after these entities merged, it could not be a debt collector. *See Sprague v. Neil*, No. 1:05-CV-1605, 2007 WL 3085604, at *3 (M.D. Pa. Oct. 19,

7

2007) ("By way of merger . . . Citibank assumed all rights and property, including Plaintiff's debt, as its own and thus stands in the shoes of the previous two banks[;] . . . it was not collecting debt owed to a third party as a debt collector.").

Accordingly, I suggest that Defendant cannot be considered a debt collector within the meaning of the FDCPA and that Defendant's motion to dismiss should be granted as to Count I of Plaintiff's complaint on this ground alone.

### b. Attempt to Collect a Debt

Even if Defendant were considered a debt collector, I suggest that Defendant has not attempted to collect a debt by issuing a 1099-C form. A lender "which discharges . . . the indebtedness of any person during any calendar year shall make a return setting forth . . . the name, address and [taxpayer identification number] of each person whose indebtedness was discharged." 26 U.S.C. § 6050P(a). The "return" the lender must file with the Internal Revenue Service ("IRS") is a Form 1099-C. Income from discharge of indebtedness is includable within gross income under 26 U.S.C. § 61(a)(12) and, therefore, could give rise to tax liability.

Defendant argues that the issuance of an IRS Form 1099-C is not an attempt to collect a debt; instead, it is a declaration under penalty of perjury that the debt has been cancelled and that Defendant would never attempt to collect the debt. (Doc. 5 at 9.) Plaintiff responds that the 1099-C misrepresented the legal status of the debt because it indicated that Plaintiff was "personally liable for repayment of the debt" in both its original and corrected forms. (Doc. 8 at 5, Exs. 3, 5; Doc. 1, Exs. 3, 6.) Plaintiff further argues that an unsophisticated consumer could consider the 1099-C form a "warning" that "if the debt is not repaid, taxes must be paid on the 'income' received from having the debt written off." (Doc. 8 at 5.)

8

I suggest that Plaintiff's attempt to sculpt the facts to fit under the statutory scheme is creative but untenable. Plaintiff does not allege that the 1099-C is, in and of itself, an attempt to collect a debt owed to Defendant or anyone else. Even accepting Plaintiff's perspective, the consequence of not heeding the 1099-C's "warning" is future tax liability and attendant collection of that tax, not collection of the underlying "cancelled" debt. Therefore, Plaintiff has not stated a cause of action under the FDCPA. *See Gorbaty v. Portfolio Recover Assoc., LLC*, 355 Fed. App'x 580, 581-82 (3d Cir. 2009) ("Although [the plaintiff] may object to the 1099-C forms he received, we agree with the District Court that the mailing and receipt of a Cancellation of Debt notice by itself, without any indication that the notice was used in connection with the collection of a debt, does not state a claim for violation of the FDCPA.")

Furthermore, the FDCPA does not reach actions amounting to debt cancellation because once "the debt is cancelled, there is no debt and there can be no debt collection." *Gorbaty*, 355 Fed. App'x at 582. This outcome is required even where the reporting of the post-debt status is confusing or misleading. *Narog v. Certegy Check Services, Inc.*, 759 F. Supp. 2d 1189, 1193 (N.D. Cal. 2011)  (Where credit report listed account as "derogatory" and as having had a late payment, but also listed the balance on the account as $0, the court held that the plaintiff "cannot allege a claim for violation of the FDCPA based on conduct that occurred after he paid his debt in full, and after the debt collector acknowledged that the debt was paid in full . . . [because] that conduct is not taken in connection with the collection of a debt.").[3]

---

[3] *See also Debt Buyer's Assoc. v. Snow*, 481 F. Supp. 2d 1, 12 (D.D.C. 2006) (although the plaintiff argued that it lacked sufficient information to accurately distinguish drawn between principal and interest on 1099-C forms and that attempted compliance with the treasury regulation would expose it to liability under the FDCPA as misrepresentations to debtors, the court disagreed and held that the two provisions did not conflict and that plaintiff's concerns were not valid).

Should the IRS ever attempt to collect taxes as a result of the 1099-C forms having been filed, even then Plaintiff could not assert a claim under the FDCPA. Instead, Plaintiff's exclusive remedy would be provided by 26 U.S.C. §§ 7426, 7433(a) for any wrongful tax collection activities. *See Al-Sharif v. United States*, 296 Fed. App'x 740, 741 (11th Cir. 2008); *Eckhardt v. United States*, No. 09-60720-CIV, 09-60721-CIV, 2010 WL 6072593, at *1 n.3 (S.D. Fla. June 22, 2010).

Accordingly, I suggest that Defendant's motion to dismiss should be granted as to Count I of Plaintiff's complaint based on this ground as well.

    **c.**    **Consumer**

Although not addressed by the parties, I suggest that Plaintiff is not a consumer entitled to protection under the Act. Consumer "means any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Defendant has "cancelled" any alleged debt owed by Plaintiff due to the theft of his identity and is not seeking any payment from Plaintiff. In addition, the IRS has not yet alleged that Plaintiff owes any tax liability. Since Plaintiff's complaint fails to aver any entity that alleges that Plaintiff is "obligated or allegedly obligated to pay any debt[,]" I suggest that Plaintiff has failed to state a claim under the Act. 15 U.S.C. § 1692a(3). I therefore suggest that this is an alternative ground to support dismissal of Count I of Plaintiff's complaint.

    **2.**    **Michigan Collection Practices Act**

Plaintiff also avers a violation of the MCPA in Count II of his complaint. I suggest that, pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966), this Court decline to exercise its discretion to entertain the pendent state law claim made against Defendant. *See id.* at 726 (noting that generally "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.") *See also Hankins v. The Gap, Inc.*, 84 F.3d

797, 802-03 (6th Cir. 1996) (when all federal claims have been dismissed at a pretrial stage and the parties are non-diverse, the district court should decline to exercise supplemental jurisdiction over the surviving state law claims).

If the Court were to consider the merits of this claim, I suggest that the state law claim would be subject to dismissal. Under Michigan Compiled Laws § 445.252(e), a regulated person[4] is prohibited from "[m]aking an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt . . . ." Although Plaintiff argues that the 1099-C forms were misleading or deceptive because they stated that Plaintiff was personally liable for a debt that was later cancelled when Plaintiff never owed any debt, the 1099-C forms were not communications which sought to collect a debt for the reasons discussed earlier.

In addition, I suggest that Plaintiff is not a person protected by the Michigan Act. As indicated above, Defendant has "cancelled" any alleged debt owed by Plaintiff due to the theft of his identity and is not seeking any payment from Plaintiff, and the IRS has not yet alleged that Plaintiff owes any tax liability. Therefore, I suggest that Plaintiff's complaint fails to aver any entity that alleges that Plaintiff is "obligated or allegedly obligated to pay any debt" and, thus, fails to state a claim under the MCPA. Mich. Comp. Laws § 445.251(d) (defining "consumer" or "debtor" as a "natural person obligated or allegedly obligated to pay a debt").

Accordingly, I suggest that Defendant's motion to dismiss should also be granted as to Count II of Plaintiff's complaint.

**D.      Conclusion**

---

[4] I assume, *arguendo*, that Defendant could be considered a regulated person.

11

Accordingly, I suggest that Defendant's motion to dismiss be granted and the case dismissed in its entirety because the complaint fails to state a claim upon which relief can be granted.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely-filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                            s/ *Charles E Binder*
                                            CHARLES E. BINDER
Dated: August 8, 2011                  United States Magistrate Judge

**CERTIFICATION**

    I hereby certify that this Report and Recommendation was electronically filed this date, and electronically served upon counsel of record via the Court's ECF system.

Date:  August 8, 2011        By    s/Patricia T. Morris
                                              Law Clerk to Magistrate Judge Binder